1                    IN THE UNITED STATES DISTRICT COURT

2                    IN AND FOR THE DISTRICT OF DELAWARE

3                              - - -

4
     UNITED STATES OF AMERICA,        :    CRIMINAL ACTION
5                                      :
                    Plaintiff,         :
6                                      :
          vs.                          :
7                                      :
     FRANK FORCE KESTING,              :
8                                      :
                    Defendant.    :    NO. 07-94 (SLR)
9

10                              - - -

11                                Wilmington, Delaware
                                  Wednesday, April 2, 2008
12                                10:30 o'clock, a.m.

13                              - - -

14   BEFORE:  HONORABLE SUE L. ROBINSON, U.S.D.C.J.

15                              - - -

16   APPEARANCES:

17              EDMOND FALGOWSKI, ESQ.,
                Assistant United States Attorney
18

19                   Counsel for Plaintiff

20

21              EDSON A. BOSTIC, ESQ.,
                Federal Public Defender
22

23                   Counsel for Defendant

24
                              Valerie J. Gunning
25                            Official Court Reporter

```
1                      P R O C E E D I N G S

2

3          (Proceedings commenced in the courtroom, beginning at

4      10:30 a.m.)

5

6              MR. FALGOWSKI:  Good Edmond Falgowski, for the

7      United States.  Good morning, your Honor.

8              The United States moves the sentencing of Frank

9      Force Kesting.

10             THE COURT:  All right.  Thank you very much.

11             As is consistent with my practice, I will go

12     through the sentencing guidelines first, and before I even

13     do that, I will ask the defendant, Mr. Kesting, if he has

14     had the opportunity to review the presentence investigation

15     report with his attorney, Mr. Bostic?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  All right.  The defendant pled

18     guilty to a count charging him, a count of indictment, Count

19     6, charging him with possession of child pornography, a

20     violation of Title 18 of the United States code, Section

21     2252A(a)(5)(B) and (b)(2).

22             The maximum penalty that could be imposed by

23     statute include a term of imprisonment up to ten years,

24     followed by a lifetime of supervised release, a fine of up

25     to $250,000, and a $100 special assessment.
```

1          Under the sentencing guideline, the base offense

2     level for this offense is an 18.  There's an upward

3     adjustment of two levels because the material involved in

4     the offense involved a prepubescent minor or minor who had

5     not attained the age of 12.

6          There's another upward adjustment two levels

7     because the offense involved the use of a computer for the

8     possession, transmission, receipt or distribution of child

9     pornography.

10          And, finally, there's an upward adjustment,

11     another upward adjustment of two levels, because the offense

12     involved at least ten, but fewer than 150, images.  That

13     gives us an adjusted offense level of 24.

14           There is a downward adjustment of three levels

15     for the defendant's acceptance of responsibility, which

16     gives us a total offense level of 21.

17          The defendant has no prior criminal history and

18     so has been assigned a criminal history category of Roman

19     Numeral I.

20          With a total offense level of 21 and a criminal

21     history category of Roman Numeral I, the guidelines would

22     call for a period of incarceration of from 37 to 46 months,

23     supervised release of from five years to life, a fine of

24     from $7,500 to $75,000, and a $100 special assessment.

25          There have been no objections filed to the

1    report.  And I note for the record that I have reviewed

2    Mr. Bostic's sentencing memorandum as well as the evaluation

3    submitted in connection with that memorandum.

4            With that, I'm going to ask the government if it

5    has a recommendation and then we'll have the defendant and

6    his counsel approach.

7            MR. FALGOWSKI:  The United States recommends

8    41 months incarceration, which is just a little shy of the

9    middle guideline range.

10           The evaluation submitted by the defendant's

11   mental health expert reports that Mr. Kesting is unwilling

12   or unable to own up to his relevant conduct and fantasies.

13   The report further indicates that this is important for

14   treatment purposes.

15           Accordingly, the United States submits that

16   successful treatment of the defendant with that prognosis is

17   guarded.  The reason that the United States does not

18   recommend a sentence at the high end of the guideline range

19   is that unlike many of the others, most of the others

20   defendants in these related cases that chatted on-line with

21   Paul Thielemann, the defendant was one of the few that did

22   not encourage Paul Thielemann, did not condone that

23   Paul Thielemann molest children.

24           When he was on-line, Paul Thielemann would say

25   that he had access to prepubescent children and what the

1   defendant -- what Mr. Kesting did not do, he did not

2   encourage Thielemann to molest.  Indeed, Thielemann did not

3   have such access, but others condoned, encouraged,

4   Thielemann to abuse those children and take pictures and

5   send them pictures.  But the defendant didn't engage in that

6   type of conduct.

7            And that's the reason the United States does not

8   recommend a sentence at the high end of the range despite

9   the defendant's failure to recognize his problem.

10           THE COURT:  All right.  Thank you very much.

11           Mr. Bostic, if you and Mr. Kesting would come

12   forward, then.

13           MR. BOSTIC:  Thank you, your Honor.  Good

14   morning again.

15           THE COURT:  Good morning.

16           MR. BOSTIC:  Your Honor, we would start off by

17   noting that in the courtroom today we have Leslie Kesting,

18   the defendant's aunt, with whom he lived for most of his

19   adult life until he moved out on his own.  We also have his

20   brother, with whom he also lived, and his father, Frank

21   Kesting.  They are here today as well as a family friend,

22   Erin McCarthy.

23           Needless to say, your Honor, this shows support

24   for Mr. Kesting in the community, and it's reflective, to

25   some degree, as to who this young man was before this

1    incident.

2            He had a lot of things going against him as he

3    tried to traverse life.  The Court -- I'm not going to get

4    into Dr. Turner's report in any detail or my sentencing

5    memo, because the Court is well aware of nature of his

6    background, his own victimization and difficulty dealing

7    with issues of a dysfunctional family.  But, needless to

8    say, it's important to note that that victimization came at

9    the hands of people who were supposed to protect and care

10   for this young man.

11           Dr. Turner talks about the blend of fantasy

12   and reality in terms of Mr. Kesting's world and the ongoing

13   chronic major depression or bouts of major depression that

14   he has dealt with, apparently without any treatment.

15           There are other diagnoses that obviously play

16   into who he is presently, and the government is right as to

17   whether or not Mr. Kesting is ready to own up to and

18   understand and appreciate the wrongfulness of his act.

19           And Dr. Turner noted, I don't believe this is an

20   individual who is just making a full assessment of the

21   situation and saying, Well, I did nothing wrong.  He has

22   admitted that he did something wrong.  The gap that we need

23   to bridge is dealing with the mental health issues to help

24   him come to a full realization of the complete wrongness

25   that he did, and helping him understand that he, while he

1    was a victim, these children also are victims and ongoing

2    victims.

3              And I've had numerous conversations with

4    Mr. Kesting, and from day one to where he is now, there is

5    growth and development in understanding, accepting that part

6    of this case.

7              Your Honor, when you look at his youthfulness

8    not only in terms that he's 26 years old chronologically,

9    but I would suggest to the Court that his mental age is less

10   than that.  And I believe that's a factor also that should

11   be considered.

12             I think that a sentence at the bottom or

13   slightly below the guideline range would be an appropriate

14   sentence here because for some of the points that the

15   government said also, he wasn't encouraging the behavior

16   that Mr. Thielemann wanted to lead others down the path to,

17   and I think that shows some maturity and some growth and

18   some understanding of how people can be victimized.

19             It's going to require a lot of work, and

20   Dr. Turner said that in his own report to the Court.  There

21   needs to be close supervision and intensive therapy and work

22   on Mr. Kesting's behalf and his willingness to participate

23   in that work.

24             With all that in mind, your Honor, I ask this

25   Court to engage in the difficult task of finding the right

1    sentence to impose upon Mr. Kesting, but I do truly believe

2    that this is one individual that the Court should take all

3    the 3553 factors in mind, his personal history and

4    characteristics, as well as the lack of any prior criminal

5    activity, impose a sentence at the bottom or slightly below

6    the guideline range.

7            Mr. Kesting would like to address this Court.

8            THE COURT:  All right.  Before he does, I

9    generally give the government, Mr. Falgowski, an opportunity

10   to respond to your remarks, Mr. Bostic's, if there's

11   anything further.

12           MR. FALGOWSKI:  Nothing further, Judge.

13           THE COURT:  All right.  Thank you.

14           And Mr. Kesting?

15           THE DEFENDANT:  I'd like to openly tell the

16   Court, apologize to the victims and the Court that were

17   affected by my actions in the past.

18           I did not realize that children were victims of

19   myself when I was victimized as an adult, as a child.  Every

20   time these images are looked at, these children are once

21   again victimized.  Dr. Turner helped me see all of this, to

22   understand how wrong my past actions were, and even though

23   we are victimized in different ways, the effects of our --

24   the way it affects our lives are similar.

25           With help of Dr. Turner, I understand why I've

1    been incarcerated.  I have been incarcerated for nine months

2    today and have had over 680 hours to think of so many what

3    ifs, could haves and should haves of my past actions, and

4    the time I spent in my cell, examined my life thoroughly,

5    and never want to be that person again.  I will not allow

6    myself to commit a crime or be incarcerated for breaking the

7    law.

8              I want to ask for all the help, therapy,

9    counseling, and all the proper steps towards full

10   rehabilitation.  I want to do all I can to be sure no other

11   children are victimized like these children or myself have

12   been.

13             What I did was wrong.  I now understand that and

14   I want to do all I can to keep it from happening to someone

15   else.

16             I am sorry for all I have done and for all the

17   actions.  I ask the victims, their families and the Court

18   that are all affected by my actions of the past to forgive

19   me.  I am sorry.  I never want to hurt any person or child

20   again.  I will never act this way again.

21             I ask the Court to address my actions with mercy

22   and leniency.

23             MR. BOSTIC:  Your Honor, may I add one other

24   thing?  As I said, this has been a work in progress, and I

25   think one of the things that shows the dichotomy of what's

1    going on with Mr. Kesting, and perhaps help him to come to

2    this realization with Dr. Turner's work, Dr. Turner went and

3    saw him on three different occasions, and I think one

4    slightly afterwards, just before he wrote the report.  But

5    about three, four weeks ago, I got a frantic call from his

6    aunt, and then from Mr. Kesting, about the fact that he was

7    placed in a cell with an individual who he describes as a

8    predator and the fear that he had of being with that

9    individual.

10            And I think that -- and the facility where he is

11   moved very quickly to separate the two.  But I think that

12   that shows what's going on with Mr. Kesting, and I think

13   that helped to bring him front and center to deal with these

14   issues and understand that these children were victims and

15   that he, as a former victim himself, needs to work harder to

16   make sure he doesn't victimize anyone else.

17            Thank you, your Honor.

18            THE COURT:  All right.  I certainly have

19   reviewed all the background material we've had available for

20   this defendant consistent with my responsibilities under

21   Title 18 of the United States Code, Section 3553(a).  I've

22   also compared this case with the many, unfortunately, other

23   cases that I have had to deal with, including involving the

24   receipt, possession, distribution of child pornography.

25            I do appreciate the government's recognition

1    that, compared to many of the other folks, this defendant,

2    Mr. Kesting, did not encourage or condone the further

3    victimization that Mr. Thielemann managed to impose, and I

4    also recognize that this defendant is, in addition to his

5    youth, has a background, I think significantly different

6    than many of our other defendants, having been a victim

7    himself, and coming from a less than easy family background,

8    and yet getting through school and working consistently, and

9    having no criminal background.

10            So I think for all of these reasons that a

11    sentence at the low end of the guideline range is the most

12    appropriate, taking into consideration all those factors I

13    need to.

14            Therefore, pursuant to the Sentencing Reform Act

15    of 1984, it is the judgment of the Court that the defendant,

16    Frank -- is it Force?

17            MR. BOSTIC:  Force.

18            THE COURT:  Frank Force Kesting is hereby

19    committed to the custody of the Bureau of Prisons to be

20    imprisoned for a term of 37 months.

21            The Court has considered all of the factors set

22    forth under Title 18 of the United States Code, Section

23    3553(a), and finds the sentence to be reasonable and

24    appropriate.

25            Based on the serious nature of the offense and

1    characteristics of this defendant, the sentence promotes

2    deterrence and respect for the law and provides just

3    punishment, and I believe still avoids unwanted sentencing

4    disparities among defendants with similar records who have

5    been found guilty of similar conduct in the court.

6                Upon release from imprisonment, Mr. Kesting,

7    you shall be placed on supervised release for a term of

8    five years.  And I understand that serving time incarcerated

9    is going to be very difficult, but trust me when I say that

10   the harder part of the sentence might come with supervised

11   release, where the words that you gave me today about

12   changing your life and understanding that there are some

13   issues you need to deal with, you have to demonstrate that

14   you mean those words.  And so it's not going to be an easy

15   time, and I hope that with the resolve that you showed your

16   family and the Court today is in place when you start your

17   supervised release.

18                Within 72 hours of release from the custody

19   of the Bureau of Prisons, you shall report in person to

20   the Probation Office in the district to which you are

21   released.

22                While on supervised release, you shall not

23   commit another federal, state or local crime.  You shall

24   comply with the standard conditions that have been adopted

25   by this Court and shall comply with the following additional

1    conditions.

2        You shall not illegally possess a controlled

3    substance.  You shall not possess a firearm, ammunition, or

4    destructive device.  You shall cooperate in the collection

5    of DNA as directed by the probation officer, and you shall

6    provide the probation officer with access to any requested

7    financial information.

8        You shall participate in a mental health

9    treatment program, which may include sex offender therapy

10    at the direction of the probation officer.

11        You shall register with the State Sex Offender

12    Registration Office in the state where you reside, work, or

13    are a student, as directed by the probation officer.

14        You shall submit to random polygraph

15    examinations on subjects relating to monitoring,

16    supervision, and treatment, and your treatment, at the

17    direction of the probation officer.  Such examination shall

18    be administered by a certified examiner.

19        You shall be required to contribute to the costs

20    of the polygraph examinations to the extent you have the

21    ability to pay.

22        You shall not own or operate a personal computer

23    with Internet access in the home or in any other location,

24    including employment, without prior written approval of the

25    probation officer.

1          You shall not reside within 500 feet of a

2     school, playground, or daycare office without prior

3     permission.  There actually are some small towns in Delaware

4     where it's virtually impossible to live without being within

5     500 feet, so I add that caveat.

6          You shall not visit or live in a residence where

7     there are children present without third-party notification

8     and without prior approval of the Court.

9          You shall not invite or otherwise encourage

10    anyone under the age of 18 to visit your living quarters.

11         You are restricted from engaging in any

12    occupation, profession, business or activity that includes

13    contact with children without prior written permission from

14    the Court.  At the direction of the probation officer, you

15    shall disclose the nature of your conviction to any such

16    occupation, business, profession or activity that includes

17    contact with children.

18         You shall not possessor view any materials,

19    including pictures, photographs, books, writings, drawings

20    or video games depicting and/or describing sexually explicit

21    conduct as defined in Title 18 of the United States Code,

22    Section 2256(2).

23         You shall not associate with anyone who is a

24    known sexual offender, except in a registered treatment

25    program.

1          The Court finds that you do not have the ability

2    to pay a fine and therefore the Court will waive the fine in

3    this case.  However, it is ordered that you shall pay to the

4    United States the special assessment of $100, which shall be

5    due immediately.

6          And I tell you for purposes of the record that

7    you have ten days from the date judgment is entered to

8    appeal this sentence.

9          Mr. Falgowski, are there any other issues that

10   we need to address?

11         MR. FALGOWSKI:  Your Honor, I have a motion and

12   order to dismiss the remaining counts of the indictment.  If

13   I may approach?

14         THE COURT:  Yes, you may, and I will certainly

15   sign off sign off on that.

16         Mr. Bostic, anything else?

17         MR. BOSTIC:  No, your Honor.

18         THE COURT:  Thank you very much, then.

19         (Court recessed at 10:53 a.m.)

20                    -  -  -

21

22

23

24

25